**Peggy J. RAMSEY, Plaintiff,**

v.

**Edward J. DERWINSKI, Secretary, United States Department of Veterans Affairs, Defendant.**

**Civ. A. No. 90–663 SSH.**

United States District Court, District of Columbia.

March 31, 1992.

Thomas H. Tate, Coale, Allen & VanSusteren, Mt. Airy, Md., Ralph E. Hall, Jr., Rockville, Md., for plaintiff.

Jeffrey T. Sprung, Asst. U.S. Atty., U.S. Atty's. Office, Elliott C. Alderman, States Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court is defendant's motion for summary judgment. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion...." Fed.R.Civ.P. 52(a). While a statement of reasons thus is not required, the Court nonetheless briefly states the basis for its decision on defendant's motion.

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C.A. § 206, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 633(a). Plaintiff is a white woman; she was 56 years of age at the time of the events underlying her complaint. Plaintiff claims that she suffered discrimination on the basis of her sex and race when she was not selected to fill the position of Equal Employment Specialist within the Veterans Affairs Office of Equal Opportunity. She also claims that the defendant constructively discharged her through intolerable work conditions.

Plaintiff's claims under the Equal Pay Act and the ADEA are barred by the two-year statute of limitations that applies to those statutes. *See* 29 U.S.C.A. § 255(a) (Equal Pay Act); 29 U.S.C.A. § 626(e)

(ADEA). Almost six years elapsed between the latest possible date that her claims accrued, the date of her resignation, and the date on which she filed the complaint. Although plaintiff argues that equitable tolling should apply to her claims, she does not allege a valid factual basis to support tolling the statute of limitations. *See Irwin v. Veterans Admin.*, — U.S. —, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990).[1] Therefore, summary judgment is appropriate as to those claims.

Plaintiff's claims under Title VII are subject to the allocation of burdens and the order of presentation of proof that the Supreme Court set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff bears the initial burden of presenting a *prima facie* case of discrimination. The burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action. *Id.* 93 S.Ct. at 1824. Plaintiff then must have an opportunity to show that the defendant's asserted reasons were a pretext for discrimination. *Id.* at 1825. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

■ Summary judgment is appropriate with regard to plaintiff's claim of constructive discharge. To establish a claim of constructive discharge, plaintiff must show that defendant "deliberately made her working conditions ... so intolerable that a reasonable person in her situation would have concluded that she was forced to resign." *Lake v. Baker*, 662 F.Supp. 392, 404–06 (D.D.C.1987). "To demonstrate intolerable conditions [plaintiff] must do more than prove an actionable instance of discrimination. There must be 'aggravating factors,' such as continuous and pervasive discriminatory treatment, spanning a substantial period of time." *Id.* (quoting *Clark v. Marsh*, 665 F.2d 1168, 1173 (D.C.Cir.1981)).

■ Plaintiff points to the following facts, as set forth in her deposition testimony, to support her claim of constructive discharge.[2] Her immediate supervisor when she began work at the Veterans Administration Office of Equal Opportunity exhibited hostility toward white employees and complainants.[3] When plaintiff sought and received a transfer away from the supervisor, she was placed in temporary work space with several secretaries. The noise of the secretaries performing their jobs made it impossible for plaintiff to work. Plaintiff was not assigned work commensurate with her training and abilities although the office had such work. Plaintiff's deposition also indicates that she repeatedly requested training or a transfer and did not receive either. To establish

1. Plaintiff argues that equitable tolling should apply to her Equal Pay Act and ADEA claims based on the delay in processing her administrative claim. Plaintiff did not assert claims under the Equal Pay Act and the ADEA in the administrative complaint, and therefore she cannot contend that she delayed presenting those claims in reliance on the administrative process.

2. Defendant suggests that plaintiff's opposition is inadequate because she failed to attach an affidavit or other form of extrinsic evidence showing a genuine issue of material fact. Rule 56(e) states that a party opposing a properly supported motion for summary judgment "may not rest on the mere allegations or denials of [its] pleading." The opposing party's opposition, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). Rule 56(c) states that summary judgment shall be entered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." To support the existence of factual issues for trial, plaintiff cited her deposition testimony and answers to interrogatories which are part of the record. It would have been preferable for plaintiff to attach the supporting materials to her pleading. Nevertheless, plaintiff does not merely rest on the allegations of her complaint, and her opposition is consistent with Rule 56(e).

3. Specifically, plaintiff states that her supervisor repeatedly commented that the equal employment laws were meant to benefit blacks and that blacks should administer them. In addition, plaintiff states that the supervisor and other black employees made derogatory comments regarding discrimination claims filed by whites.

that the conditions were imposed on the basis of her race, plaintiff points to her supervisor's alleged racial hostility and the disparity between the number of black and white employees within the office.[4]

Plaintiff's evidence in support of her constructive discharge claim is insufficient to survive a motion for summary judgment. The supervisor's racial animosity might support an inference that the defendant exposed plaintiff to a hostile environment, except for the fact that plaintiff received a transfer away from the supervisor when she requested it. Thus, plaintiff does not establish the requisite "aggravating factors." With regard to plaintiff's surroundings after she transferred, there is no evidence to show that the conditions were imposed intentionally based on plaintiff's race or sex. On that point, plaintiff merely asserts her belief that a black employee would not have been placed in those conditions. That subjective assertion is insufficient to create an issue for trial. Similarly, the fact that plaintiff, as a white woman, was in the minority in the office is insufficient evidence to support a finding of intentional discrimination.

■ Summary judgment is appropriate with regard to plaintiff's non-selection claim. To meet the initial burden of establishing a *prima facie* case, the plaintiff must show "that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Burdine*, 101 S.Ct. at 1094.[5] Plaintiff relies on the following facts to support her claim of race and sex discrimination. She was qualified for the

position. The interviewer indicated that the position involved substantial travel and expressed an opinion that women do not travel well. The person ultimately selected for the position was a black man. Plaintiff also relies on her assertions regarding the climate of racial discrimination created by her initial supervisor.

Plaintiff ignores an important fact relating to her non-selection. Defendant's evidence indicates that four identical positions were filled at the time plaintiff was not selected. Plaintiff's non-selection must be viewed in the context of the hiring for all four positions. In addition to the black man who was selected for the specific position plaintiff sought, a black woman, a white man and a black man were selected. That fact virtually eliminates any inference of discrimination on the basis of sex or race.[6] In addition, the selection of another woman decreases the strength of the inference that plaintiff was not selected because of the interviewer's discriminatory belief that women do not travel as well as men. Thus, plaintiff has not produced evidence demonstrating that she was rejected "under circumstances which give rise to an inference of unlawful discrimination." *Burdine*, 101 S.Ct. at 1094.

■ Even assuming that plaintiff's evidence is sufficient to support a finding of discrimination, summary judgment is appropriate. At trial defendant would bear the burden of setting forth legitimate, nondiscriminatory reasons for its decision. *McDonnell Douglas*, 93 S.Ct. 1817. Defendant sets out substantial evidence that the individual selected for the position plaintiff sought was more qualified than plaintiff.

---

4. Plaintiff also states that, after she resigned, the supervisor "bragged" to other employees of having been instrumental in pushing out two white employees. Plaintiff does not point to evidence of that statement that would be admissible at trial. Even assuming that a hearsay exception would apply to the supervisor's statement to another employee, plaintiff's testimony would be hearsay.

5. In *McDonnell Douglas*, the Supreme Court stated that proof of the following facts constituted a *prima facie* case of discrimination:
(1) that [plaintiff] belongs to a racial minority; (ii) that he applied and was qualified for a

job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications."
*McDonnell Douglas*, 93 S.Ct. at 1824.

6. The only arguable inference is that the defendant discriminated against plaintiff because she is both white and female. However, that inference is weak in the absence of corroborating evidence.

The selectee had several years of experience conducting investigations into discrimination claims, which is the main responsibility of the position. The selecting officer's affidavit states that he had a legitimate reason to consider investigatory experience significant because there was a backlog of claims to investigate. The selectee had a superior employment record including a letter of commendation for investigatory work. Finally, defendant's evidence indicates that the other three individuals who were selected had more investigatory experience than the plaintiff. Plaintiff does not dispute defendant's evidence on that point.

Plaintiff's burden in responding to defendant's motion for summary judgment is to establish that a genuine issue of material fact exists as to the ultimate issue of unlawful discrimination. *Molerio v. FBI*, 749 F.2d 815, 823 (1984). In light of plaintiff's failure to produce evidence that the legitimate reasons given for her non-selection were a pretext for discrimination, her evidence is insufficient to support a finding of discrimination. *See id.* Therefore, summary judgment is appropriate with regard to plaintiff's claims of sex and race discrimination.

Accordingly, it hereby is

ORDERED, that defendant's motion for summary judgment is granted.

SO ORDERED.